83,898-01

CAUSE NO. 1278565-A

EMERSON HANDY          §   IN THE        JUDICIAL
     #1792077          §
                       §
v.                     §   DISTRICT COURT OF
                       §
                       §
HARRIS COUNTY, DISTRICT CLERK:   §   HARRIS COUNTY, TEXAS

### "PLAINTIFF'S ORIGINAL APPLICATION

### FOR WRIT OF MANDAMUS:"

TO THE HONORABLE JUDGE OF SAID COURT:

Comes now **Emerson Handy**, Relator, pro-se in the above-styled and numbered cause of action and files this original application for writ of mandamus pursuant to the court article 11.07 section 3 (c) of the Texas Code of Criminal Procedure, and would show the court the following:

### I.

**Emerson Handy**, TDCJ **#1972077** is an offender incarcerated in the Texas Department of Criminal Justice and is appearing pro-se, who can be located at the Wayne Scott Unit A-1-21, 6999 Retrieve Rd. Angleton, Texas 77515. Relator has exhausted his remedies and has no other adequate remedy at law. The act sought to be compelles is ministerial, not discretionary in nature. V.A.C.C.P., art. 110.7 section 3 (c) requires respondent to immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed and a certificate reciting the date upon which that finding was made, if the convicting court decides that there are no issues to be resolved. No copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting

the date upon which that finding was made have been transmitted to the Court of Criminal Appeals. Had such documents been transmitted to the Court of Criminal Appeals by respondent as required by state, relator would have received notice from the Court of Criminal Appeals.

II.

Respondent CHRIS DANIEL in her/his capacity as District Clerk of Harris County, Texas has a ministerial duty to receive and file all paper's in a criminal proceeding and perform all other duties imposed on the clerk by law pursuant to V.A.C.C.P., art. 2.21, and is responsible under V.A.C.C.P., 11.07 section 3 (c) to immediately transmit to the Court of Criminal Appeals a copy of the application for Writ of Habeas Corpus, any answers filed, and certificate reciting the date upon which that finding was made if the convicting court decides that there are no issues to be resolved. CHRIS DANIEL District Clerk, Harris County may be served at her/his place of business at HARRIS Box Texas, 77210-4651.

III.

Violation of Article 11.07 of

The respondent violated article 11.07 section 3 (c) of the V.A.C.C.P., by failing to provide a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals within the time prescribed by law and within a reasonable time from the date on which the documents were requested to be transmitted.

Requests for the transmittal of the application for Writ

(1)

of Habeas Corpus, any answers filed, and a certificate reciting the date upon which that finding was made, were made by relator to CHRiS DANiEL, District Clerk, Harris County, by certified mailed Letters date 12-16-2014; pursuant to article 11.07 section 3 (c) of the Code of Criminal Procedure. True and accurate copies of the above letters are attached hereto as exhibits "A" through " " and are incorporated by reference herein for all purposes.

To date, relator has received no response from respondent regarding relator's request for transmittal of a copy of the application for Writ of Habeas Corpus, any answers filed and a certificate reciting the date upon which that habeas corpus, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals.

As is clear from relator's letters, relator has repeatedly put respondent on notice that relator seeks the transmittal of copy of the application for writ of habeas corpus, any answres filed, a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals and that such records are required by the Court of Criminal Appeals to act on relator's writ of habeas corpus. Relator has gone well beyond any requirement or obligations imposed upon him by the Texas Code of Criminal Procedure.

In contrast to relator's article 11.07 secction 3 (c) is acting in bad faith, and has also failed to afford relator the professional and common courtesy of any written respone's to his correspondence and requests.

Article 11.07 section 3 (c) clearly states that "[i]f the

(2)

convicting court decides that there are no such issues, the clerk shall immediately transmit [emphasis added] to the Court of Criminal Appeals a copy of the application, any answers filed, and a certificate reciting the date upon which that finding was made. Failure of the court to act within the allowed 20 days shall constitute such a finding. Texas Code of Criminal Procedure article 11.07 section 3 (c) respondent is in violation of this procedure, ministerial duties, and thus the laws of this state. IN RE: ARTHUR LAMON Mitchell; WR #83-247-01 MANDAMUS cite HARRIS, 11.07 Ct. Crim. App. Before the expiretion of 181 days Violation.

CAUSE NO. 1278565-A

### Prayer For Relief

WHEREFORE, PREMISES CONSIDERED, Relator Emerson Handy, pro-se, respectfully requests a finding that the respondent did not transmit documents to the Court of Criminal Appeals within a reasonable time after the date they were requested and that relator brought this litigation in good faith and has substantially prevailed. Relator prays FOR AN ORDER DIRECTING RESPONDENT TO TRANSMIT COPY OF THE APPLICATION FOR WRIT OF HABEAS CORPUS, any answers filed, and a certificate reciting the date upon which that finding was made to the Court of Criminal Appeals as directed in article 11/07 section 3 (c) of the Texas Code of Criminal Procedure and as requested in relator's letters (Exhibits "A" through "    ."

Respectfully Submitted

By: _Emerson Handy_
Relator

(3)

CAUSE NO. 1278565-A

| | | |
|---|---|---|
| Emerson Handy | § | IN THE 179th JUDICIAL |
| TDCJ-ID #1792077 | § | |
| | § | |
| v. | § | DISTRICT COURT OF |
| | § | |
| | § | |
| Harris County District Clerk: | § | Harris County, Texas |

## Order

On this day, came on to be heard the foregoing relator's application for writ of Mandamus and it appears to the court that the same should be :

_____ Granted


It is therefore ORDERED that the District Clerk shall immediately transmit to the Court of Criminal Appeals a copy of the application for writ of habeas corpus, any answers filed, and a certificate reciting the date upon which that transmittal was made.


Signed on this the \_\_\_\_ day of _____, 2015.


_____
Presiding Judge

CAUSE NO. 1278565-A

The State of Texas                      §

                                        §

County of Harris                        §


## Affidavit

I swear under oath that the facts and allegations in the above application for writ of Mandamus are true and correct.

Emerson Handy
Relator


Signed under oath Before me on this the 10th Day of __ August , 2015.



CAROL M. JENNINGS
Notary Public. State of Texas
My Commission Expires
07-09-2018

Notary Without Bond

Notary public in and for the State of Texas

Carol M. Jennings
printed or typed name

07-09-2018
MY COMMISSION EXPIRE


## Certificate of Service

I hereby certify that a true copy of the above Applicat· for Writ of Mandamus was served on CHRiS DaNiEL by placing a copy in the U.S. mail addressed to: Mr. Abel Acosta : CleRk P.O. Box 12308 Austin TEXAS 78711 on this the 10 day of 9 , 2015.

/s/ Emerson Handy Jr
relator